UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

WILLIAM A. WHITTEMORE       )
                            )
    *Plaintiff*,             )
                            )   Case No. 1:18-cv-88-CHS
v.                          )
                            )
ANDREW SAUL,                )
Commissioner of Social Security )
                            )
    *Defendant*.             )

## MEMORANDUM OPINION

**I.    Introduction**

This action was timely instituted pursuant to 42 U.S.C. § 1383(c)(3) seeking judicial review of the Commissioner's final decision denying William A. Whittemore's ("Plaintiff") claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. Plaintiff seeks benefits primarily on the basis of human immunodeficiency virus (HIV), chronic obstructive pulmonary disease (COPD), degenerative disc disease (DDD), diabetes, gastrointestinal dysfunction, and plantar fasciitis. [Doc. 13, Pl.'s br. at 2]. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Sixth Circuit [Doc. 15].

Plaintiff's Motion for Summary Judgment [Doc. 12] and Defendant's Motion for Summary Judgment [Doc. 16] are pending. For the reasons stated herein, the Court will **GRANT** Plaintiff's Motion [Doc. 12] and **DENY** Defendant's Motion [Doc. 16]. Accordingly, the Court will **REVERSE** the Commissioner's decision and **REMAND** for an award of benefits as of February 26, 2016.

## II. Background

### A. Procedural History

Plaintiff requests a review of the Commissioner's final decision, dated December 6, 2017 [Tr. 12-21], denying him benefits. Prior to the current claim, Plaintiff had filed an earlier application for SSI on July 23, 2012. Administrative Law Judge (ALJ) Ronald J. Feibus granted Plaintiff a closed period of disability in his decision dated September 25, 2014. [Tr. 123-132]. In granting Plaintiff disability from December 16, 2012, through August 1, 2013, ALJ Feibus found Plaintiff was capable of less than sedentary work. ALJ Feibus further concluded that, as of August 2, 2013, Plaintiff's condition had improved so that he was capable of sedentary work—a finding which meant Plaintiff was not disabled as of August 2, 2013. [Tr. 131-132].

On February 29, 2016, Plaintiff filed the current application for SSI alleging disability commencing on February 26, 2016. This claim was denied initially and upon reconsideration. Following a hearing on August 29, 2017, ALJ Angela Saindon denied Plaintiff's claim in her December 6, 2017, decision. The Appeals Council denied review, and ALJ Saindon's decision became the Commissioner's decision subject to review by this Court. This action followed.

### B. Facts

Plaintiff was 50 years old at the time of his alleged onset date of disability—February 26, 2016—making him an individual "closely approaching advanced age." 20 CFR 416.963(b). He has a GED and no past relevant work. ALJ Feibus and ALJ Saindon reviewed in detail the medical evidence in the administrative record, and the Court incorporates those reviews herein. The Court will discuss the evidence as is necessary to address the issues in this case.

After considering the entire record, the ALJ made the following findings which are relevant to this review:

- The claimant has the following severe impairments: bilateral moderate hearing impairment; chronic obstructive pulmonary disease (COPD); degenerative disc disease status post L4-L5 fusion and decompressive laminectomy; gastrointestinal dysfunction status post removal of nine feet of the small bowel in 2012; type II diabetes mellitus, uncontrolled; obesity and polysubstance abuse, in remission, by history (20 CFR 416.920(C)). [Tr. 14].

- Plaintiff does not have an impairment or impairments which meets one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. [Tr. 15].

- Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except that he can occasionally climb ramps and stairs and never climb ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch and crawl. He can have occasional exposure to extreme heat, cold, dusts, gases, fumes, odors or other pulmonary irritants and hazards. The claimant is limited to work within a work setting of moderate noise as that term is defined in the Dictionary of Occupational Titles (DOT) and requires ready, at will, access to a restroom throughout the day on at least an hourly basis. [Tr. 16].

- Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; namely, bench assembly, mail clerk, and router. [Tr. 19-20].

## III. Discussion

### A. Standard of Review

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, a claimant must establish she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity she is not disabled; (2) if the claimant does not have a severe impairment she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment she is disabled; (4) if the claimant is

capable of returning to work she has done in the past she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which she can perform considering her age, education and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

The court may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of substantial evidence review, the court may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

**B.    Analysis**

If ALJ Saindon had found Plaintiff was capable of only sedentary work—as was the finding of ALJ Feibus in his earlier decision—Plaintiff would be deemed disabled (under Rule 201.12 of Appendix 2 of Subpart P of Part 404 - Medical Vocational Guidelines) because of his age, work experience, and his education. However, as previously indicated, ALJ Saindon found that Plaintiff was capable of a limited range of *light* work—as opposed to sedentary work. As a result, the ALJ found that jobs existed in a significant number in the national economy that Plaintiff could perform.

Plaintiff argues that Judge Saindon was bound by Judge Feibus' previous finding that he is capable of sedentary work only, and that Judge Saindon's failure to so find runs afoul of *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). In *Drummond*, the Sixth Circuit, guided by principles of res judicata, *to wit*, consistency between proceedings and finality with respect to resolved applications, held that an ALJ is bound by the RFC level determined in a previous claim for the same claimant absent new and material evidence indicating a change in the claimant's

condition. 126 F.3d 837; *see also Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 930-31 (6th Cir. 2018). Pursuant to *Drummond,* in order for the Court to affirm ALJ Saindon's decision that Plaintiff is capable of a limited range of light work, there must be new and material evidence that Plaintiff's condition has improved since August 2, 2013, when ALJ Feibus found Plaintiff was limited to sedentary work. The Court will start by examining Judge Feibus' decision.

Judge Feibus issued his decision on September 25, 2014. [Tr. 124-32]. Plaintiff applied for—and Judge Feibus found Plaintiff was entitled to—a closed period of disability from December 16, 2010 through August 1, 2013, because, during this period, his RFC was less than sedentary work. [Tr. 128]. Plaintiff's severe impairments were lumbar spinal stenosis; degenerative disc disease; herniated nucleus pulposus, post L4-5 fusion surgery; status post removal of nine feet of the small bowel; HIV; diarrhea; clostridium difficile; diabetes; and chronic pain syndrome. [Tr. 127]. In December 2010, an MRI showed Plaintiff suffered from L4-5 HNP with degenerative disc disease causing severe foraminal stenosis and nerve root compression. Plaintiff underwent an L4-5 fusion surgery on September 12, 2011. On September 11, 2012, Plaintiff was still complaining of low back pain and left leg pain. He had a short gait. [Tr. 128-129]. Plaintiff was also under the care of pain management specialist Stephen Musick. In October 2012, Plaintiff reported to Dr. Musick numbness in his thigh. Examinations showed a reduced range of motion in the lumbar spine with catch, tenderness to palpation, and reduced deep tendon reflexes at the patella and Achilles. [Tr. 129]. In July 2012, Plaintiff had nine feet of his small bowel removed due to gangrene caused by a blood clot, leaving only six feet of bowel remaining. He was readmitted to Erlanger in March 2012 with further bowel problems. A CT of the abdomen showed a segment of thickened small bowel with mesenteric edema. A mesenteric duplex study showed significant increase in systolic and velocities in the superior mesenteric artery with moderate stenosis. [*Id*.].

His discharge diagnosis was clostridium difficile. [*Id*.]. Dr. Musick opined in December 2012 that Plaintiff suffered from moderate to severe back pain and frequent diarrhea which would require Plaintiff to miss two or more days of work per month. [*Id*.]. Based on this evidence, Judge Feibus found Plaintiff was disabled from December 16, 2010, through August 1, 2013. [*Id*.]. Judge Feibus further found, however, that as of August 2, 2013, Plaintiff's condition had improved such that he could perform sedentary work. [*Id*.]. ALJ Feibus found the record supported improvement in Plaintiff's condition in that Plaintiff sought infrequent treatment for abdominal pain, diarrhea, and back pain after August 1, 2013. [Tr. 131]. He also noted that Dr. Mullady, a consultative examiner, opined Plaintiff was capable of sedentary work after August 1, 2013. [*Id*.]. ALJ Feibus concluded Plaintiff was capable of sedentary work "subject to the further restriction that claimant must work in close proximity to a bathroom, owing to claimant's credible assertion that he has chronic occasional bouts of diarrhea." [*Id*.]. With this proximity limitation, a vocational expert testified that a significant number of sedentary jobs existed in the economy which Plaintiff could perform: clerical addresser, surveillance system monitor, and telephone quotation clerk. [Tr. 132].

During the time at issue in this current application for SSI, Plaintiff has developed Type II diabetes and chronic obstructive pulmonary disease (COPD). [Tr. 18]. In August 2016, Plaintiff presented to the emergency department with blurry vision and highly elevated blood sugar which was immediately stabilized with intravenous insulin. Plaintiff's physician indicated better control of his diabetes was necessary and directed Plaintiff to take his medication daily and control his diet better. [Tr. 18]. Imaging in October 2016 found right visualized middle lobe bronchiectasis. [Tr. 17]. In March 2015, Plaintiff was hospitalized for pneumonia. Reported symptoms during the period at issue include cough and shortness of breath consistent with objective records that note the presence of rhonchi and unclear breath sounds. [Tr. 18]. "During the period under adjudication,

the record [also] contains complaints of abdominal pain" and "nausea, vomiting, dry heaves, loose diarrhea, aching and cramping pain." [Tr. 17]. Physical examination findings included diffuse tenderness of the abdomen. [*Id.*]. In February 2017, Plaintiff presented to the hospital with an abdominal wall abscess which was excised and drained without complications. [*Id.*]. Plaintiff testified that, usually, he has diarrhea eight times per day, three to five days a week, sometimes more and sometimes less. [Tr. 102-03]. Sometimes this problem comes upon him so suddenly he cannot make it to the bathroom. [*Id.*]. In finding Plaintiff had a severe gastrointestinal impairment, ALJ Saindon found this impairment encompassed Plaintiff's diarrhea and clostridium difficile infection. [Tr. 15].

Plaintiff alleged continued back pain which the ALJ found consistent with diagnostic imaging showing multilevel degenerative changes of the spine. [Tr. 17]. However, the ALJ stated the evidence does not substantiate spinal impairments that would prevent the claimant from performing a reduced range of light work with additional postural limitations." [Tr. 17]. On May 16, 2016, consultative examiner, Dr. Thomas Mullady, found normal range of motion, normal muscle strength, and normal gait without need for an assistive device.

ALJ Saindon also found Plaintiff had new impairments: hepatitis B, hypertension, and plantar fasciitis. [Tr. 15]. ALJ Saindon found these impairments and Plaintiff's HIV were not severe impairments because "[t]hese impairments are all controlled with or do not require medication." [*Id.*].

The issue before the Court is whether the new evidence presented to ALJ Saindon indicates Plaintiff's condition *improved* after ALJ Feibus concluded Plaintiff was limited to sedentary work as of August 2, 2013. It appears that Plaintiff's condition is better than it was during the closed period of benefits which ended August 1, 2013; however, ALJ Feibus found Plaintiff's condition

had improved after August 1, 2013, noting infrequent treatment for abdominal pain, diarrhea, and back pain. The Court must determine whether the new evidence indicates Plaintiff's condition improved *even more* after ALJ Feibus found Plaintiff could perform sedentary work as of August 2, 2013.

The Court finds that the new evidence does *not* indicate that Plaintiff's condition and ability to perform physical work improved *after* ALJ Feibus concluded Plaintiff could perform sedentary work. Rather, the new evidence overwhelmingly indicates that Plaintiff's condition has deteriorated.

Since August 2, 2013, Plaintiff has developed Type II diabetes which, the ALJ found, is not well controlled. It has caused blurred vision, neuropathic pain, and fatigue. His bouts of diarrhea have accelerated from being "occasionally chronic" to "chronic more often than not." These bouts can also be unpredictable. Further, he has developed COPD which causes shortness of breath and affects his ability to walk distances and for long periods of time. ALJ Saindon has attempted to mitigate the symptoms of Plaintiff's COPD by limiting his work to permit only occasional exposure to dust, gases, fumes, odors, or other pulmonary irritants and hazards, but the ALJ has cited no evidence that this measure will neutralize COPD's negative impact on Plaintiff's ability to walk and stand for significant periods of time. Moreover, even though Dr. Mullady's examination showed Plaintiff had normal range of motion and strength in his extremities and back, Plaintiff continues to have credible back pain—as he did when Feibus limited him to sedentary work. ALJ Saindon indicated he does not need an assistive device to walk, but there was no evidence he needed one when ALJ Feibus found he was limited to sedentary work.

Considering Plaintiff's back pain, his diabetes, his COPD as a whole—as well as all of Plaintiff's impairments, severe and non-severe—the Court concludes that the evidence is

overwhelming that Plaintiff's ability to walk and stand over the course of an eight hour work day has deteriorated since ALJ Feibus found Plaintiff was limited to sedentary work. Pursuant to *Drummond,* the Court concludes that the Commissioner's finding that Plaintiff was capable of performing a limited range of light work is not supported by substantial evidence. The Court further finds that the evidence is overwhelming that, at most, Plaintiff is capable of performing sedentary work and; therefore, under Rule 201.12 of Appendix 2 of Subpart P of Part 404 of the Medical Vocational Guidelines, Plaintiff is disabled.

**IV. Conclusion**

For the reasons stated in this opinion, the Court concludes that the evidence overwhelmingly supports a finding that Plaintiff's physical condition has deteriorated since he was found in a prior decision to be limited to sedentary work. Thus, under Rule 201.12 of Appendix 2 of Subpart P of Part 404 of the Medical Vocational Guidelines, Plaintiff is disabled. Accordingly, the decision of the Commissioner shall be **REVERSED**, and this action shall be **REMANDED** to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for an **AWARD** of benefits as of February 26, 2016.

An appropriate Order shall enter.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE